# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL HOSKINS,**

      **Plaintiff,**

  v.                              **Case No. 26-CV-013**

**LT. TYLER BRODERICK and**
**MARIE BRENNER, RN,**

        **Defendants.**

---

# REPORT AND RECOMMENDATION

---

Plaintiff Michael Hoskins, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Hoskins also filed a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 2.)

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, this court cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The clerk of court shall therefore randomly assign this matter to a district judge for consideration of the recommendations outlined below. Also, the court finds that Hoskins is indigent and will grant his motion to proceed without prepayment of the filing fee. (ECF No. 2.)

# REPORT

*Federal Screening Standard*

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

According to Hoskins's motion, he is unemployed and has minimal income and a car. (ECF No. 2.) As such, the court concludes he is unable to pay the filing fee and turns to the question of whether his complaint is frivolous, malicious, or fails to state a claim. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Because Hoskins is representing himself, the court construes his complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Hoskins's Allegations*

Hoskins alleges that, while he was in a holding cell at Fond du Lac County Jail on October 8, 2025, he had a grand mal seizure. (ECF No. 1 at 2.) Defendant RN Marie Brenner refused to send Hoskins to the hospital, even after Hoskins explained that his "levels" might be low, creating a risk for another seizure. (*Id.*) On October 13, 2025, Hoskins had another seizure. (*Id.*) He asserts that the second seizure was due in part to Brenner failing to give him his anti-seizure medication. (*Id.*)

On October 9, 2025, Hoskins states that his mother called and spoke with defendant Lt. Tyler Broderick. (ECF No. 1 at 3.) She asked him to speak with Hoskins, but Broderick never did. (*Id.*)

*Analysis*

Hoskins claims that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights. It is unclear from Hoskins's complaint whether at the time of the subject seizures he was serving a sentence or was a pretrial detainee. If he was a pretrial detainee, his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a convicted prisoner, his rights arise out of the Eighth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by prisoners). The court need not determine at this time whether Hoskins was a pretrial detainee or a convicted prisoner because the Eighth Amendment standard is the more stringent one. The court will analyze his claims under that standard.

A prison official violates the Eighth Amendment when he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in

4

further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." *Id*. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment*.*" *Stallings v. Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include where a prison official fails to act or do anything to address the serious medical need. *See Gayton*, 593 F.3d at 623-624 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include where an official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

Hoskins should be permitted to proceed on a claim against Brenner. He alleges that she knew of his seizure condition and failed to take reasonable action to prevent additional seizures, such as sending him to the hospital or giving him his anti-seizure medication. As a result, he suffered another seizure.

However, Hoskins should not be able to proceed on a claim against Broderick. Broderick's actions do not amount to a constitutional violation, whether under the Eighth Amendment, Fourteenth Amendment or any other constitutional clause. In

5

short, Hoskins does not have a constitutional right to have information from his mother relayed by an officer, nor does he have a constitutional right to have the officer keep his mother informed. Broderick should be dismissed.

**IT IS THEREFORE RECOMMENDED** that

- Lt. Tyler Broderick be dismissed;

- Hoskins be allowed to proceed on an Eighth Amendment claim against Marie Brenner, RN, for deliberate indifference to his medical needs;

- The U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) this report and recommendation, and the adoption order upon Marie Brenner, RN pursuant to Federal Rule of Civil Procedure 4. Hoskins is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give [P's last name] information on how to remit payment. The court is not involved in collection of the fee;

- Marie Brenner, RN shall file a pleading responsive to the complaint within 60 days of receipt of service; and

- The case be returned to Magistrate William E. Duffin for further proceedings.

**IT IS THEREFORE ORDERED** that Hoskins's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hoskins pay the $350 balance of the filing fee over time by forwarding payments to the Clerk of Court's office.

6

Hoskins is further advised that the failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Hoskins is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Hoskins's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of entry of this recommendation. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 17th day of April, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

7